# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OFAMERICA** | * | |
| | * | |
| **v.** | * | **Criminal No.  21-00125-KD** |
| | * | |
| **DANIELLE N. DAILEY** | * | |

## ORDER AND FORFEITURE MONEY JUDGMENT

This action is before the Court on the United States' Motion for Forfeiture Money Judgment (Doc. 23).  Upon consideration, and for the reasons set forth herein, the motion is **GRANTED** and a Forfeiture Money Judgment in the amount of $271,733.00 is entered against Defendant Danielle N. Dailey.

Dailey was charged in an Information for conspiracy to launder drug proceeds, in violation of 18 U.S.C. § 1956(h). Doc. 1, Page ID#1.  The Information alleged that Dailey did knowingly and willfully conspire with other persons, both known and unknown to the United States, namely, to conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, the felonious receiving, concealment, buying, selling and otherwise dealing in controlled substances punishable under the laws of the United States. The Information contained a notice of forfeiture putting Dailey on notice that, pursuant to 18 U.S.C. § 982(a)(1), the United States would seek forfeiture of all proceeds obtained as a result of the offenses including, but not limited to, a sum of money equal to $271,733.00.[1]

---

[1] Fed. R. Crim. P. 32.2(a) (". . . The indictment or information need not identify the property subject to forfeiture or specify the amount of any forfeiture money judgment that the government seeks.").

Dailey pled guilty to Count One of the Information pursuant to a written plea agreement with the United States.  Doc. 2, Page ID# 5.  In the plea agreement, she agreed "to confess the forfeiture to the United States of all properties which represent proceeds of her criminal activities or which facilitated any aspect of these illegal activities, including but not limited to the property identified in the forfeiture notice in the Information." Doc. 2, PageID#9.  In the factual resume, Dailey agrees that she is accountable for the laundering of approximately $271,733.00 in drug proceeds.  Doc. 2, Page ID#22.  The Court accepted Dailey's plea and she was found guilty. She is presently scheduled for sentencing on July 8, 2022.  Doc. 17.

The United States asserts in its motion that it could not locate specific property constituting or deriving from the proceeds Dailey received from the offenses and that Dailey no longer has the actual dollars traceable to the money laundering. (Doc. 23 at 2).  Therefore, the United States seeks a forfeiture money judgment pursuant to 18 U.S.C. § 982(a)(1) and Fed. R. Crim. P. 32.2(a) against Dailey in the amount of $271,733.00, representing the total proceeds obtained as the result of the offense charged in the Information.

The Federal Rules of Criminal Procedure state that "[a]s soon as practical after . . . a plea of guilty … is accepted… the court must determine what property is subject to forfeiture under the applicable statute" and that "[i]f the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A). "The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). "If the district court cannot calculate the total amount of the money

judgment before sentencing, Rule 32.2(b)(2)(C) provides that the district court may enter a general forfeiture order against the defendant that, inter alia, 'states that the order will be amended under Rule 32.2(e)(1) when ... the amount of the money judgment has been calculated.'" *United States v. Mincey*, 800 Fed. Appx. 714, 726 (11th Cir. 2020).[2]

Here, however, the Court can calculate the total amount of the money judgment before sentencing. Dailey pled guilty to Count One of the Information, conspiracy to launder drug proceeds. The conspiracy to launder drug proceeds is traceable to Dailey in the amount of $271,733.00. In the factual resume, Dailey agrees that she is accountable for the laundering of approximately $271,733.00 in drug proceeds.

Accordingly, upon consideration of the Information, Dailey's written plea agreement and factual resume, plea of guilty to the offense, and the United States' motion, it is

**ORDERED, ADJUDGED**, and **DECREED**, as follows:

1) The United States is entitled to, pending possible appeal herein, the property subject to forfeiture to the United States pursuant to 18 U.S.C. § 982(a)(1) and Rule 32.2(a), which includes but is not limited to a money judgment in the amount of $271,733.00, more or less, as a result of Dailey's violation of 18 U.S.C. § 1956(h), conspiracy to launder drug proceeds;

2) A Forfeiture Money Judgment in the amount of $271,733.00 in United States currency is entered against Defendant Dailey, pursuant to 18 U.S.C. § 982(a)(1), and in favor of the United States of America, which sum represents proceeds traceable to the offense of conviction; Pursuant to Fed. R. Crim. P.

---

[2] Citing Fed. R. Crim. P. 32.2(b)(2)(C)(iii); *see id*., advisory committee's note to 2009 amendment (explaining that Rule 32.2(b)(2)(C) authorizes a court "to issue a forfeiture order describing the property in 'general' terms, which order may be amended pursuant to Rule 32.2(e)(1) when additional specific property is identified")).

32.2(b)(4)(A) and (B), this Forfeiture Money Judgment shall become final as to

Dailey at the time of sentencing and shall be made part of the sentence and

included in the Judgment; and

3) In accordance with 21 U.S.C. § 853(m) and Fed. R. Crim. P. 32.2(e) the

United States is authorized to undertake whatever discovery may be necessary to

identify, locate, or dispose of substitute assets to satisfy the money judgment.

The United States may, at any time, move pursuant to Fed. R. Crim. P. 32.2(e)

to amend this Order to include substitute property having a value not to exceed

$271,733.00 to satisfy the money judgment, in whole or in part.

The Court shall retain jurisdiction to enter any further order necessary for the

forfeiture and disposition of such property, and to order any substitute assets forfeited to the

United States up to the amount of the Forfeiture Money Judgment, pursuant to Fed. R. Crim.

P. 32.2(e).  Pursuant to Fed. R. Crim. P. 32.2(c)(1), "no ancillary proceeding is required to

the extent that the forfeiture consists of a money judgment."

DONE and ORDERED this the 7th day of June 2022.

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**